ORFINGER, Judge.
After revoking appellant’s probation in three separate cases, the trial court entered identical sentences[1] in each case of 4⅛⅞ years’ imprisonment to be followed by 3 years’ probation, all concurrent.
The sentence in Case No. 82-497 is within statutory limits because the conviction is for a first degree felony punishable by life imprisonment. The sentences in Cases 82-40 and 82-270 appear to be copied from the sentence in 82-497, and exceed the statutory limits because these convictions are for third degree felonies, the maximum term for which is five years. It may well be, as the State now contends, that the trial court merely intended to impose concurrent probationary sentences for the third degree felonies, but the record is not clear on that point, and because those sentences exceed the statutory maximum, we must vacate them.
The convictions in all three cases, as well as the sentence in No. 82-497, are affirmed. The sentences in No. 82-40 and No. 82-270 are vacated and those cases are remanded to the trial court for resentenc-ing.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAUKSCH and COWART, JJ„ concur.

. These are all non-guidelines sentences.